STATE OF NEBRASKA, APPELLEE, V. BENJAMIN D. PARROTT, APPELLANT.

188 N. W. 2d 694

Filed July 9, 1971. No. 37855.

James T. Gleason of Collins & Collins, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

The defendant was convicted of driving a motor vehicle while under the influence of intoxicating liquor. Judgment was entered on the verdict and defendant appeals. The question presented is whether or not there was sufficient foundation to sustain the introduction of evidence pertaining to a "breathalyzer" test. We affirm the judgment of the district court.

Tests authorized by statute to be used in determining the alcoholic content present in the body fluid of a person must be performed according to methods approved by the Department of Health. See State v. Fox, 177 Neb. 238, 128 N. W. 2d 576. A police officer testified in detail regarding the testing, preparing, clearing, and use

of the machine which performs the breathalyzer test. He also stated that he had a certificate to operate the machine from the Department of Health, had been instructed in its use by Dr. Bernstein of Creighton University, and was experienced in using it. He was unable to say whether or not he had followed methods approved by the Department of Health, but stated he did follow instructions given by Dr. Bernstein.

Although the issue is a close one, as we view it, the record is sufficient. The witness did testify that he had followed the training and instruction received from Dr. Bernstein and he was authorized to operate the machine by the Department of Health. In addition, Dr. Bernstein testified that in instructing police officers in the use of the machine, he used guidelines set up by the Department of Health. In brief, the officer was instructed in accordance with the methods recommended by the Department of Health; he followed the instructions received, and in so doing, necessarily followed the Department of Health regulations.

The judgment of the district court is affirmed.

AFFIRMED.

SMITH, J., concurring.

The rules of the Department of Health pertaining to breath analysis had been published October 17, 1961, were in force without amendment at the time of trial, and were readily available. Defendant fails to specify any defect in the foundational evidence other than absence of the rules from the record.

The rules were legislative facts. See generally 1 Cooper, State Administrative Law, 175 (1965): 2 Davis, Administrative Law Treatise, § 15.03, p. 353 (1958); Proposed Rules of Evidence for the United States Courts and Magistrates, Revised Draft, Rule 201, Advisory Committee's Note, subdivision (a), 51 F. R. D. 315, at p. 330. The district court may inform itself of legislative facts of agencies under the state Administrative procedures Act by any method it desires. A

party, of course, has a constitutional and statutory right to attack their validity. This court would be mistaken were it to cling to the sporting theory of justice while highway carnage goes on and on.

SPENCER, J., dissenting.

Whether or not the tests actually performed were according to methods approved by the Department of Health on this record is purely speculation and conjecture. I dissent on the basis of State v. Fox, 177 Neb. 238, 128 N. W. 2d 576.